UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIERDRA LONDONO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:16-cv-01897-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 29) |

On February 22, 2022, Attorney Kelsey Mackenzie Brown, counsel for Plaintiff Dierdra Londono, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 29). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 7; ECF No. 30). Neither Plaintiff nor the Commissioner have filed an objection or other response to the motion.

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $15,500, with Plaintiff's counsel reimbursing Plaintiff for the $5,500 in fees and expenses previously awarded pursuant to the Equal Access to Justice Act (EAJA). (*See* ECF No. 28)

**I. BACKGROUND**

Plaintiff brought the underlying action on December 19, 2016, seeking judicial review of a final administrative decision denying Plaintiff's claim for disability insurance benefits under the Social Security Act. (ECF No. 1). On May 8, 2018, the Court entered an order and final judgment in favor of Plaintiff, remanding the case for further administrative proceedings. (ECF Nos. 23, 24). On July 12, 2018, the parties filed a stipulation for an award of $5,500 in attorney fees under

EAJA. (ECF No. 27). The Court entered an order on the stipulation on July 13, 2018, awarding EAJA attorney fees and expenses in the amount of $5,500 (ECF No. 28).

On remand, the Commissioner awarded benefits to Plaintiff, including retroactive benefits. (ECF Nos. 29, p. 3, 29-2, p. 3). The letter from the Commissioner states that Plaintiff was awarded $64,751.00 in past-due benefits and $16,187.90 was withheld from that amount to pay Plaintiff's representative. (ECF No. 29-2, p. 3).

On February 22, 2022, Plaintiff's counsel filed a motion seeking attorney fees in the amount of $15,500 pursuant to 42 U.S.C. § 406(b), with a credit to Plaintiff for the $5,500 in EAJA fees and expenses previously awarded. (ECF No. 29).

**II. DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the section 406(b) attorney fees award is not paid by the government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant" and may challenge the fee sought. *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement in this case provides as follows:

> THE CLIENT authorizes MACKENZIE LEGAL to seek fees from their past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT is awarded benefits by the Court on appeal, or the Social Security Administration after the Court remands the case to the Social Security Administration for further proceedings.

(ECF No. 29-1, p. 2).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which included an award of benefits. Plaintiff's counsel represents that counsel spent 32.75 hours in this matter. (ECF No. 29-3, p. 1). Counsel ultimately gained a favorable decision in that the case was remanded to the Commissioner, who then

awarded benefits to Plaintiff going back to October 2012. (ECF Nos. 29, p. 3; 29-2). There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $15,500 which results in an approximate hourly rate of $473.28. The Ninth Circuit has found similar—and in many cases, higher—effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, the requested attorney fees award of $15,500 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting section 406(b) attorney fees in the amount of $24,350.00); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting section 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting section 406(b) attorney fees in the amount of $20,577.57).

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to section 406(b) in the amount of $15,500 is therefore appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $5,500 in fees pursuant to the EAJA; as such, the section 406(b) award will be offset by $5,500 for a net award of $10,000.

Lastly, the Court notes that counsel requests that the Court order the Commissioner to pay the net fee amount of $10,000 directly, as opposed to counsel being awarded $15,500 and then refunding $5,500 to Plaintiff. (ECF No. 29, p. 6). Counsel cites no authority for this method of awarding fees, but the Court recognizes that courts have referred to such means of award as the "netting method." *Martinez v. Saul*, No. 1:14-CV-00578-SKO, 2021 WL 535404, at *4 (E.D. Cal. Feb. 12, 2021) (citing *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020)). However, this method, even if permissible, is disfavored in light of EAJA's language anticipating an attorney-to-claimant refund. *Id.* Without any developed argument from Plaintiff, the Court declines to employ the "netting method" here.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees (ECF No. 29) pursuant to 42 U.S.C. § 406(b) in the amount of $15,500 is granted.

2. Plaintiff's counsel shall reimburse Plaintiff $5,500 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

3. Plaintiff's counsel shall serve a copy of this Order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:  **March 24, 2022**             /s/ *Erica P. Grosjean*
                                       UNITED STATES MAGISTRATE JUDGE